UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUD ROSSMANN, ) ) Plaintiff, ) ) v. ) ) UNITED STATES STATE DEPARTMENT ) PASSPORT DIVISION *et al.*, ) ) Defendants. ) | Civil Action No. 20-503 (EGS) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, challenges defendant Department of State's denial of his passport application.[1] Defendant (hereafter "State" or "Department") has moved to dismiss under Rule 12(b)(6) for failure to exhaust administrative remedies and failure to state a claim. Defendant also asserts the jurisdictional ground of sovereign immunity as a basis for dismissal. *See* Mot. to Dismiss, ECF No. 9. For the following reasons, defendant's motion will be granted.

### I. BACKGROUND

By letter of January 30, 2018, plaintiff was informed of the following.

> The Department of State has denied your December 28, 2017 application for a U.S. passport pursuant to 22 C.F.R § 51.60(b)(9). This regulation provides that the Department may refuse to issue a passport when the applicant is the subject of a state or local warrant of arrest for a felony. The regulations cited in this letter may be found online at: http://wwwe. cfr.gov.

---

[1] In addition to the State Department, plaintiff has named as defendants former Secretaries of State Michael Pompeo and Cyrus Vance (deceased since 2002), agency employee Crystal Irwin, and three John Does. *See* Compl. Caption. Plaintiff has alleged no facts directly involving the individuals in the alleged wrongdoing, and he describes Irwin in particular as a supporting witness. *See* Compl. at 9. Consequently, the complaint against the individual defendants is hereby dismissed for failure to state a claim upon which relief can be granted.

> This office was informed that on March 27, 2017, the Calhoun County District Court in Anniston, Alabama entered a felony warrant for your arrest. Warrant number 17-1511 charges you with terroristic threats. Accordingly, your passport application is denied pursuant to 22 C.F.R. § 51.60(b)(9). You may reapply for a passport once you have cleared your warrant.

Defs.' Ex. 1, ECF No. 9-1 ("Denial Letter"). The letter explained plaintiff's right to seek a hearing on the basis of the denial by mailing a written request to the address listed therein "within sixty days from receipt of this letter." *Id*. (citing 22 C.F.R. §§ 51.70-51.74). Allegedly, plaintiff received the denial letter on February 26, 2018. Compl. at 3.

On February 19, 2020, plaintiff filed this action, demanding "his long denied passport, other injunctive and declaratory relief, and damages" of $10 million. Compl. at 5, 14. He claims that "the State Department's misconduct is a violation of both the Due Process and Equal Protection clauses of the United States Constitution" and the Administrative Procedure Act ("APA"). *Id*. at 4-5.

## II. LEGAL FRAMEWORK

### A. Rule 12(b)(1) Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim," the Court has "an affirmative obligation" first "to ensure that it is acting within the scope of its jurisdictional authority." *Uberoi v. EEOC.*, 180 F. Supp. 2d 42, 44 (D.D.C. 2001), *aff'd*, 36 Fed. App'x 457 (D.C. Cir. 2002). In doing so, the Court "may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal.*

*for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal quotation marks and citations omitted).

### B. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).  In addition, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when the facts pled in the complaint allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  While this standard does not amount to a "probability requirement," it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id*.  In determining whether a complaint states a plausible claim for relief, a court must disregard legal conclusions "couched as" factual allegations and must also "draw on its judicial experience and common sense." *Iqbal* at 679 (citations omitted).

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6) ], a judge must accept as true all of the factual allegations contained in the complaint," *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotation marks omitted), and must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The Court "may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party

3

contests authenticity." *Demissie v. Starbucks Corporate Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014).  Therefore, "'where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment' . . . 'Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied'. . . Moreover, a document need not be mentioned by name to be considered 'referred to' or 'incorporated by reference' into the complaint."  *Strumsky v. Washington Post Co.*, 842 F. Supp. 2d 215, 217-18 (D.D.C. 2012) (citations omitted); *see also Long v. Safeway, Inc.*, 842 F. Supp. 2d 141, 144-45 (D.D.C. 2012), *aff'd*, 483 Fed. App'x. 576 (D.C. Cir. 2012).

Complaints brought by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Still, to survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

**A.  Subject Matter Jurisdiction**

Defendant asserts that sovereign immunity bars plaintiff's claim for monetary relief.  The Court agrees.  Under the doctrine of sovereign immunity, United States agencies and departments are subject to suit only by consent "unequivocally expressed in statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  Such immunity is "jurisdictional in nature."  *American Road & Transp. Builders Ass'n v. EPA*, 865 F. Supp. 2d 72, 79 (D.D.C. 2012) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (other citations omitted)); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

The APA authorizes judicial review of agency action in "[a]n action . . . seeking relief *other than money damages*." 5 U.S.C. § 702 (emphasis added). Further, the United States has not consented to be sued for constitutional violations based on tortious conduct, *see Meyer*, 510 U.S. at 477-78, and district courts otherwise lack jurisdiction over a damages claim against the United States for an amount exceeding $10,000. 28 U.S.C. § 1346 (a)(2). Consequently, plaintiff's claim for millions of dollars in damages is dismissed for want of jurisdiction.

## B. Failure to State a Claim

### 1. Exhaustion of Administrative Remedies

Defendant argues first that the complaint should be dismissed because plaintiff failed to exhaust his administrative remedies. Mem. at 5-7. The Court disagrees. Where, as with APA claims, exhaustion is not a jurisdictional prerequisite, a court "may, in its discretion, excuse exhaustion if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (internal quotation marks and citation omitted). The purpose of exhaustion is "to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review." *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004). But "exhaustion will not fulfill these ends" if, among other things, no facts are in dispute or the disputed issue is outside the agency's expertise. *Avocados Plus Inc.*, 370 F.3d at 1247.

"To state a claim under the APA, a plaintiff must challenge a 'final agency action for which there is no other adequate remedy in a court.'" *Statewide Bonding, Inc. v. United States Dep't of Homeland Sec.*, 980 F.3d 109, 114 (D.C. Cir. 2020) (quoting 5 U.S.C. § 704). Although "the requirement of finality is not jurisdictional, without final agency action, 'there is no doubt

5

that [plaintiff] would lack a cause of action under the APA.'" *Id*. (quoting *Soundboard Ass'n v. Fed. Trade Comm'n*, 888 F.3d 1261, 1267 (D.C. Cir. 2018) (other citations omitted)). From all indications, plaintiff did not make a timely request for a hearing; therefore, the denial letter "is the Department's final action." 22 C.F.R. § 51.70(a).

The denial letter "fully explain[s] the basis" of State's decision, *Elec. Priv. Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1239 (D.C. Cir. 2018), and, as discussed below, plaintiff does not dispute the underlying dispositive fact. In addition, State has offered no assurances that it would now entertain an untimely request from plaintiff for a hearing.[2] Whereas the denial letter ensures that plaintiff may reapply for a passport after the impediment is removed. So, the purposes of exhaustion are insignificant.

### 2. The Merits

#### i. APA Claim

The APA authorizes a court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). State properly cited 22 C.F.R § 51.60(b)(9) as the basis for denying plaintiff's passport application. Under that regulation, "the Department may refuse to issue a passport in any case in which the Department determines or is informed by competent authority that . . . The applicant is the subject of an outstanding state or local warrant of arrest for a felony[.]" 22 C.F.R. § 51.60. Plaintiff does not deny the existence of the felony warrant entered in the Calhoun County District Court in Anniston, Alabama. *See* Denial Letter. Instead, he alleges that State knowingly "relied on a false arrest warrant originated in Alabama." Compl. at 10. The alleged falsity of the warrant,

---

[2]   *See Avocados Plus Inc.*, 370 F.3d at 1251, n.4 ("If the court decides that the plaintiff had to exhaust, by then it may be too late for the plaintiff to seek relief from the agency" and courts generally "will not excuse non-compliance with the requirement that one must exhaust administrative remedies on the basis that the party failed to comply.") (internal quotation marks and citations omitted)).

however, is a conclusion lacking any basis in fact. *See Rossmann v. Clerk of the Court*, No. 19-3854 (EGS), ECF Nos. 6, 11 (D.D.C. 2020) (transferring to the Northern District of Alabama plaintiff's case seeking to quash the arrest warrant issued by Alabama authorities).[3] The complaint, to the extent intelligible, alleges no other fault with the passport denial decision. Therefore, the APA claim is dismissed without prejudice.

### ii. Constitutional Claims

When a constitutionally protected interest is at stake, "[t]he Constitution's due process guarantees call for no more than what has been accorded here: a statement of reasons [for the passport denial] and an opportunity for a prompt post[-deprivation] hearing." *Haig v. Agee*, 453 U.S. 280, 310 (1981); *see supra* at 1-2; *Gonzalez Boisson v. Pompeo*, 459 F. Supp. 3d 7, 18 (D.D.C. 2020) (concluding that "the government satisfied [due process] requirements by providing [complainant] with a statement of reasons for the revocation of her passport and giving her an opportunity for a post-revocation hearing"). Plaintiff's choice not to request a hearing in the manner advised triggered no obligations under Department regulations. *See* 22 C.F.R. §§ 51.70-51.74 (hearing procedures). Consequently, nothing is left to consider in this regard. *See Gonzalez Boisson*, 459 F. Supp. 3d at 19 (noting that because the complainant "did not request a hearing, . . . any review of the procedures at this point is to some extent abstract"). Finally, plaintiff's mere mention of the equal protection clause does not suffice to plead a claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (to state an equal protection claim as a "class of one," plaintiff must allege facts showing that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the

---

[3] A court may take judicial notice of its records in other court proceedings. *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010) (citing case); *see Fletcher v. Evening Star Newspaper Co.*, 133 F.2d 395, 395 (D.C. Cir. 1942) (per curiam) ("[I]t is settled law that the court may take judicial notice of other cases including the same subject matter or questions of a related nature between the same parties.").

difference in treatment"). In other words, plaintiff has alleged no facts to nudge his constitutional "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, those claims are dismissed as well.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. A separate order accompanies this memorandum opinion.

SIGNED:    EMMET G. SULLIVAN<br>
UNITED STATES DISTRICT JUDGE

Date:  March 29, 2021